UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS GALINDO ARZATE,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, Administrator of Golden State Annex Detention Facility, POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office, TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the United States Department of Homeland Security, and PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | No.  1:25-cv-00942-KES-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[21-DAY OBJECTION DEADLINE]** |

Petitioner is a former immigration detainee proceeding with a petition for writ of habeas corpus.  He is a 42-year-old noncitizen from Mexico who was released from immigration detention in August 2023, when an immigration judge determined he was neither a danger nor a flight risk.  Since then, he has resided in Fresno, California, with his family, sought relief in his immigration case, appeared at all hearings and check-ins, and maintained a clean criminal record. On July 28, 2025, when he appeared for a routine in-person appointment as the Fresno Intensive Supervision Appearance Program ("ISAP") office, Immigration and Customs Enforcement

1

("ICE") agents re-detained him.

On August 1, 2025, Petitioner filed the instant petition, (Doc. 1), and a motion for temporary restraining order, (Doc. 2), contending his re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. (Doc. 1 at 28.) On August 4, 2025, the District Court granted the motion for temporary restraining order, ordered Respondents to release Petitioner immediately, and enjoined and restrained Respondents from re-detaining Petitioner without first providing him with a bond hearing before an immigration judge at which the Government proves by clear and convincing evidence that Petitioner is a flight risk or danger to the community, thereby warranting his re-detention. (Doc. 8.) The parties were then directed to address whether a preliminary injunction should issue pending a final disposition.

After briefing by the parties, on August 20, 2025, the District Court granted a preliminary injunction which enjoined and restrained Respondents from re-detaining Petitioner without first providing Petitioner with a bond hearing before a neutral arbiter at which the Government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted. (Doc. 15.)

On December 5, 2025, the District Court referred the petition to the undersigned for preparation of findings and recommendations. (Doc. 24.) On December 9, 2025, the Court issued a briefing schedule on the merits of the petition. (Doc. 25.)

On January 8, 2026, Respondents filed a response. (Doc. 26.)  Respondents do not address the merits of the petition. Respondents instead argue that the petition should be dismissed as moot, because Petitioner was granted a bond hearing before an Immigration Judge where he was released from custody.

On February 6, 2026, Petitioner filed a reply. (Doc. 27.) Petitioner argues the petition is not moot, because the Court's preliminary injunction by its own terms expires upon the disposition of this case, and Petitioner seeks permanent relief to protect his liberty interest.

Petitioner's arguments are persuasive. Permanent relief is warranted to prevent the same sequence of events from recurring. The Court will recommend the petition be granted for the same reasons set forth in the District Court's orders granting a temporary restraining order and

preliminary injunction. (Docs. 8, 15.)

In summary, when the Immigration Judge conditionally released Petitioner in 2023 after determining he posed neither a risk of danger to the public or a flight risk, the Government implicitly promised that Petitioner's bond would not be revoked unless he failed to live up to his bond conditions. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972). By all accounts, Petitioner complied with his conditions of release. Petitioner possessed a protected liberty interest based on his significant time on release status, his family and community involvement during that period, and his compliance with the release terms as previously ordered by the Immigration Judge. Under such circumstances, the Government is barred from re-detaining Petitioner without first providing a bond hearing where it must show he is a flight risk or danger to the community.

Respondents' contention that they were required to re-detain Petitioner without a bond hearing because he is subject to 8 U.S.C. § 1231(a)(2)(A) is misplaced. As discussed by the District Court, the Government's detention authority shifted to § 1231(a)(6) after the 90-day removal period expired. Under § 1231(a)(6), detention is not mandatory. Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022).

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition be GRANTED, and Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner without first providing Petitioner with a bond hearing before a neutral arbiter at which the Government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not

consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 11, 2026**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE